IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JARED R. BINGAMAN, | : | |
| | : | Civil Action No. 4: 06-CV-2144 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | (Judge McClure) |
| CHRISTOPHER J. BUHAY and | : | |
| DAVID J. DONKOCHIK | : | |
| | : | |
| Defendants | : | |

# M E M O R A N D U M

March 2, 2007

**BACKGROUND:**

On November 1, 2006, plaintiff Jared R. Bingaman commenced this action by filing a complaint under 42 U.S.C. § 1983 against defendants Christopher J. Buyah and David J. Donkochik, two Mount Carmel, Pennsylvania police officers. Specifically, plaintiff's first two counts allege that he was subjected to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments, and that the defendants' actions were in retaliation for the exercise of his First Amendment rights.  His complaint also alleges common law causes of action for assault (Count III), battery (Count IV), malicious prosecution (Count V), and intentional infliction of emotional distress (Count VI).

1

On January 8, 2007, defendants filed a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Although phrased as a partial motion to dismiss, defendants actually argue that plaintiff has failed to state a claim with respect to every single count of the complaint.  Plaintiff has filed an opposition brief and the time for filing a reply brief has since passed.  Now, for the following reasons, we will deny defendants' motion.

**DISCUSSION:**

### I.  Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint.  Kost, 1 F.3d at 183.  At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint.  Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).  A complaint should be dismissed only if the court, from evaluating the allegations in

the complaint, is certain that under any set of facts relief cannot be granted.

Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Morse v. Lower Merion School

Dist., 132 F.3d 902, 906 (3d Cir. 1997); Markowitz v. Northeast Land, Co., 906

F.2d 100, 103 (3d Cir. 1994).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation

by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490

U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where

there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the

non-moving party can prove no set of facts in support of its allegations, then a

claim must be dismissed "without regard to whether it is based on an outlandish

legal theory or on a close but ultimately unavailing one." Id. at 327.

## II.  Statement of Relevant Allegations

The following allegations are taken from the plaintiff's complaint. On or

around November 20, 2004, plaintiff was at a friend's house when the defendants

arrived at the house in response to a noise complaint. (Pl.'s Compl, Rec. Doc. No.

1, ¶ 7.) When the defendants arrived, defendant Buhay asked the plaintiff for his

name and where he was from. (Id., ¶ 10.) Plaintiff responded sarcastically that he

was John Smith and that he was from Shamokin. (Id.) Then, defendant Buhay

asked him  for some identification. (Id., ¶ 11.) Plaintiff responded by asking

multiple times whether he was under arrest.  (Id.)  Defendant Buhay then put

plaintiff in a headlock, dragged him down the porch steps, and placed him face

down on the sidewalk.  (Id., ¶ 12.)  While defendant Buhay held him down on the

sidewalk, defendant Donkochik hit him in the legs and ribcage with his night stick.

(Id., ¶ 12.)  Then, defendant Buhay handcuffed plaintiff, put his finger in plaintiff's

eye, and rubbed pepper spray into that same eye.  (Id., ¶¶ 13-14.)

Following this incident, defendants charged plaintiff with resisting arrest,

simple assault, false identification to law enforcement, harassment and stalking,

and public drunkenness.  (Id. ¶ 15.)  Plaintiff alleges that the defendants only

brought these charges to cover up their illegal behavior.  (Id.)  Every charge

eventually ended up in an acquittal or a dismissal.  (Id., ¶¶ 16-18.).  Finally,

plaintiff alleges that he suffered from severe emotional distress from this incident.

(Id., ¶ 41.)

### III. Defendants' Motion to Dismiss

Defendants' motion to dismiss takes issue with each count alleged by the

defendant.  Therefore, we will analyze each count and determine whether it states a

claim upon which relief can be granted.

A.  First Amendment Retaliation Claim

Count I of plaintiff's complaint alleges a cause of action based on 42 U.S.C.

§ 1983.  In order for plaintiff to prevail under § 1983 he must establish two elements: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).

Specifically, plaintiff's complaint alleges that the defendants violated plaintiff's First Amendment rights by retaliating against him for the exercise of those rights.  To prove that the defendants violated plaintiff's First Amendment rights by retaliating against him, plaintiff must show: (1) that he engaged in protected activity; (2) that the defendants responded with retaliation; and (3) that the protected activity was the cause of the retaliation.  Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d. Cir. 2003) (quoting Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997).

Defendants make two separate arguments why this claim fails.  First, they argue that even if plaintiff was arrested because of his sarcastic comment to the police, plaintiff's speech was not protected by the First Amendment.  (Rec. Doc. No. 11, at 7.)  Second, they argue that plaintiff has not alleged that the protected activity caused the retaliation.  (Rec. Doc. No. 11, at 7.)  As we will explain, both these arguments fail.

Defendants' first argument is that even if plaintiff was arrested because of his sarcastic comment, plaintiff's speech was not protected because speech is only protected when it involves a matter of public concern.  (Id.)  This is simply untrue. All speech is protected unless it falls into a category of unprotected speech, such as fighting words, obscenity, or libel.  Eichenlaub v. Township of Indiana, 385 F.3d 274, 282-83 (3d Cir. 2004.)  While it may be true that a false statement to a police officer may not be protected speech, we believe that a clearly sarcastic identification of one's self to a police officer in order to protest the officer's behavior is protected.  This is because a such an identification would not cause the same harm as a believable false identification or a false police report and would therefore be no different from the many other forms of verbal criticism of law enforcement which have been held to be constitutionally protected.  See City of Houston, Texas v. Hill, 482 U.S. 451, 461 (1987) ("[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers.")  Therefore, defendants' first argument fails.

The defendants' second argument is that plaintiff has not alleged that the protected activity caused the retaliation.  (Rec. Doc. No. 11, at 7.)  This is simply untrue.  Plaintiff's complaint states that "such conduct constituted retaliation for [plaintiff's] exercise of his First Amendment rights."  (Rec. Doc. No. 1, ¶ 21.)

Defendants bolster this argument by arguing that the defendants' conduct would have taken place in the absence of protected conduct, so it could not have been in retaliation for such conduct.  (Rec. Doc. No. 11, at 7.)  To support this argument, defendants cite to a preliminary hearing transcript in which defendant Buhay testified that plaintiff struck him first and that that is the reason for the defendants' action.  (Id.)  We find this argument to be improper in support of  a motion to dismiss.  As already mentioned, a complaint should be dismissed only if there is no set of facts upon which relief can be granted.  Conley, 355 U.S. at 45-46.  In the current case, there is a set of facts upon which relief could be granted: the plaintiff's version of events set out in the complaint.  The fact that Buhay's testimony differs from plaintiff's version of events is simply irrelevant for the purposes of a motion to dismiss.  We do not weigh evidence in considering a motion to dismiss.  The fact finder may simply choose to disbelieve defendant Buhay's and believe the plaintiff's version.  Thus, this argument must be rejected.

Having rejected both of defendants' arguments and determined that plaintiff's complaint properly states a § 1983 claim based upon a violation of plaintiff's First Amendment rights, we must deny defendants' motion to dismiss with respect to this claim.

B.  Fourth and Fourteenth Amendment Unreasonable Seizure

Plaintiff's complaint also alleges a cause of action based on § 1983 for the unreasonable seizure that allegedly took place in violation of the Fourth and Fourteenth Amendment.  The Fourth Amendment has been found to prohibit the use of excessive force when attempting to effect a seizure of an individual. Brosseau v. Haugen, 543 U.S. 194, 198-99 (2004) (citing Graham v. Connor, 490 U.S. 386 (1989).  Furthermore, the Fourth Amendment applies to the states through the due process clause of the Fourteenth Amendment.  Mapp v. Ohio, 367 U.S. 643, 655 (1961).

Defendant makes two arguments why this claim must fail.  First, they argue that plaintiff's Fourteenth Amendment claim is "legally deficient" because an unreasonable seizure is not analyzed as a due process claim.  (Rec. Doc. No. 8.) Second, they argue that plaintiff's Fourth Amendment claim fails because he cannot prove a lack of probable cause because two criminal courts found prima facie evidence to support some of the charges filed by defendants against plaintiff. (Id. at 9.)

As to defendants' first argument, there is nothing inappropriate with the plaintiff's invocation of Fourteenth Amendment protection.  As discussed above, it is only through the due process clause of the Fourteenth Amendment that the

Fourth Amendment has been found to apply to the states.  Mapp, 367 U.S. at 655.

Therefore, it is not only proper, but necessary for plaintiff to rely on both the

Fourth and Fourteenth Amendments.

As to defendant's second argument, we find it irrelevant to plaintiff's cause

of action that two criminal courts may have found prima facie evidence to support

the charges filed by defendants.  In Heck v. Humphrey, the Supreme Court stated

that in order to state a claim under § 1983 for an unconstitutional conviction, the

plaintiff must be able to show that the conviction has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal, or called

into question by a federal court's issuance of a writ of habeas corpus.  512 U.S.

477, 486-87 (1994).  Yet, this rule only applies when the plaintiff has been

convicted, which did not occur here.  While the fact that a court found prima facie

evidence to support the charges could be evidence of probable cause, it is not

sufficient to bar the claim in a motion to dismiss.  Such a finding simply does not

carry the same preclusive effect as a criminal conviction that has not been

overturned.

Having again rejected both of defendants' arguments and determined that

plaintiff's complaint properly states a § 1983 claim based upon a violation of

plaintiff's Fourth and Fourteenth Amendment rights, we must deny defendants'

motion to dismiss with respect to this claim.

C.  State Law Assault and Battery Claim

Defendants argue they are immune under the Pennsylvania Political Subdivisions Tort Claims Act set out in 42 Pa.C.S.A. § 8541, et. seq.  (Rec. Doc. No. 11, at 10.)  Section 8541 states that "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."  Similarly, § 8545 grants the same immunity to employees of a local agency when they act "within the scope of [their] office or duties."  Yet, § 8550 creates an exception to the immunity for any act "constitut[ing] a crime, actual fraud, actual malice or willful misconduct."

Although not explicitly stated in the complaint, this suit appears to be brought against defendants in their individual capacities.  (Pl.'s Br., Rec. Doc. No. 12, at 26.)  The only connection to the state is that they were acting under color of state law as police officers.  Therefore, because plaintiff is not seeking damages from the Borough of Mount Carmel, this cause of action is outside of the immunity created by § 8541.  Similarly, because assault and battery are not part of the defendants' official duties as police officers, this cause of action is outside the immunity created by § 8545.  Furthermore, because assault and battery are

intentional torts, they fall within the exception to immunity created by § 8550

because the Pennsylvania Supreme Court has held that "willful misconduct" is

synonymous with an intentional tort.  <u>Renk v. City of Pittsburgh</u>, 537 Pa. 68, 641

A.2d 289, 291-92 (1994)   Therefore, defendants' motion to dismiss must be

denied as to plaintiff's assault and battery claims.

<u>D.  State Law Malicious Prosecution Claim</u>

 Defendants' argument that this claim fails mirrors their argument that the

plaintiff's Fourth Amendment claim fails.  Specifically, they argue that one of the

elements for a claim for malicious prosecution is a lack of probable cause.  (Rec.

Doc. No. 11, at 11.)  Although this claim must be analyzed under state law unlike

the plaintiff's § 1983 claim, we have been directed to no Pennsylvania case that

stands for the proposition that the finding of probable cause by a state criminal

court precludes a cause of action for malicious prosecution.  Therefore, this

argument must fail for the same reason the defendants' earlier argument did.  The

finding of probable cause at a preliminary hearing may be evidence of probable

cause, but it does not have the same preclusive effect as a conviction that has not

been overturned.  Therefore, defendants' motion to dismiss must be denied as to

this claim.

E.  State Law Intentional Infliction of Emotional Distress

Defendants argue that plaintiff fails to state a claim for intentional infliction of emotional distress because such a claim must include an allegation of physical injury or harm caused by the emotional distress.  (Rec. Doc. No. 11, at 13.)  Under Pennsylvania law, a claim for intentional infliction of emotional distress contains four elements:  (1) extreme or outrageous conduct; (2) the conduct must be intentional or reckless; (3) the conduct must cause emotional distress; and (4) the distress must be severe.  Chuy v. Philadelphia Eagles Football Club, 595 F.2d 1265, 1274 (3d Cir. 1265).  Additionally, under Pennsylvania law, a complaint of intentional infliction of emotional distress must allege physical injury, harm, or illness caused by the defendant's conduct.  Rolla v. Westmoreland Health Sys., 438 Pa.Super. 33, 651 A.2d 160, 163 (1994); Zieber v. Bogert, 565 Pa. 376, 773 A.2d 758, 762 (2001); Simmons v. Pacor, Inc., 543 Pa. 664, 674 A.2d 232, 238 (1996) ("It is the general rule of this Commonwealth that there can be no recovery for damages for injuries resulting from fright or nervous shock or mental or emotional disturbances or distress unless they are accompanied by physical injury or physical impact.").

Despite the fact that plaintiff's complaint alleges a rough arrest involving pepper spray being sprayed into the eye, defendants argue that the physical injury

must be caused by the emotional distress, rather than simply accompany it. (Rec. Doc. No. 11, at 13.) We disagree. We have not been directed to any case that stands for this proposition. The cases cited by defendants simply stand for the proposition that there must be some physical injury in addition to the emotional distress. Furthermore, the Supreme Court of Pennsylvania has stated that the purpose of the physical injury requirement is to prevent the flood of litigation that would result if individuals could recover for simply being shocked or horrified at witnessing extreme and outrageous conduct directed at another, as opposed to being the target of such conduct. <u>Bosley v. Andrews</u>, 393 Pa. 161, 164, 142 A.2d 263, 264 (1958). In the present case, the plaintiff has alleged that he was the target of the defendant's conduct and suffered a physical injury from it, so the fears discussed by the Pennsylvania Supreme Court are not applicable to this case. Therefore, defendants' motion to dismiss must be denied as to this claim.

In concluding, having rejected all of defendants' arguments and found that plaintiff's complaint has properly stated a cause of action with respect to each claim, we will deny defendants' motion to dismiss in its entirety.

<u>    s/ James F. McClure, Jr.           </u>
James F. McClure, Jr.
United States District Judge

13

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JARED R. BINGAMAN,              :
                                :        Civil Action No. 4: 06-CV-2144
                    Plaintiff   :
                                :
        v.                      :
                                :        (Judge McClure)
CHRISTOPHER J. BUHAY and        :
DAVID J. DONKOCHIK              :
                                :
                    Defendants  :

**O R D E R**

March 2, 2007

        For the reasons set forth in the accompanying memorandum, IT IS

ORDERED THAT:

        Defendants' motion to dismiss is DENIED.  (Rec. Doc. No. 10.)


                        ___s/ James F. McClure, Jr._____
                        James F. McClure, Jr.
                        United States District Judge

14